Wirt Adams, State Revenue Agent, *v.* City of Greenville.*

1. Municipalities. *Tax levy. Past years. Code* 1892, § 3020.

Under code 1892, § 3020, providing that municipal authorities shall levy taxes at the regular September meeting in each year, or, in case of failure so to do, at any other regular meeting thereafter, the board of mayor and aldermen of a municipality have no power to levy taxes for a past fiscal year.

2. Same. *Power. Construction.*

Municipal authority must be strictly construed, and unless a power be granted expressly or by necessary implication, it does not exist.

3. State Revenue Agent. *Laws* 1894, *ch.* 34.

The state revenue agent has no power, under Laws 1894, ch. 34, defining the powers and duties of that officer, to compel, by mandamus, the authorities of a municipality to act in any manner. (Justices Terral and Calhoon.)

---

*The docket title of the case is *Adams, etc.,* v. *Board of Mayor and Aldermen of the City of Greenville.* There was a contention as to whether the suit was against the city or against the board. The shorter title adopted by the reporter is merely for convenience, and is controlled by nothing in the opinion.

FROM the circuit court of Washington county.

HON. F. A. MONTGOMERY, Judge.

Adams, state revenue agent, appellant, was the plaintiff, and the city of Greenville, the appellee, was defendant in the court below. From a judgment in favor of the defendant the plaintiff appealed to the supreme court. The opinion states the facts.

*Mayes & Harris,* for appellant.

The question which lies at the foundation of this case is, whether the board of mayor and aldermen can extend the levy for the years 1894 and 1895 over the banks and solvent credits which were located for the purposes of taxation within the city during those years, after the expiration of the current year itself. Our claim is that this authority is conferred by § 3020, annotated code, 1892.

Counsel for the appellee contend that the statute means that such regular meeting thereafter held at which the levy may be made, must be during the current year.

Such construction of the statute is not admissible, for the reason that it necessitates the introduction into the section of words which simply are not there. The language of the statute is of the broadest and most comprehensive character. It reads, "At any other regular meeting thereafter."

The manadamus is not against the city. It is not a suit against the city, but is a suit against the board itself, in its organized capacity, to make it take such official action as the law itself imposes on it.

The suit is not against the city, but is really in behalf of the city, and is simply an effort to make the city's agents and servants discharge their official duty.

*Campbell & Starling,* for appellee.

The time for levying taxes has passed, and the charter of said city does not authorize a levy of taxes for past years.

Appellant's contention is that under §§ 3019 and 3020 of the code of 1892, appellee has the power now to levy taxes for past years upon property that has escaped such taxes.

Appellee is governed by a special charter, and not by the provisions of the code on municipalities. But even if governed by the code provisions, the sections of the code cited do not authorize the levy of back taxes. These sections refer to the action of the municipal authorities with reference to annual taxes, and their action, in levying taxes, is confined to the particular year for which the taxes are to be levied, and, after any year has expired, they cannot, under these sections, levy the taxes for past years.

Chapter 34 of Laws of 1894, enumerating the powers of the state revenue agent, does not authorize him to maintain this suit. By that law he can maintain suits against subordinate officers of the state, counties, levee boards or municipalities, and may sue in all cases "where the state or any county, municipality or levee board has the right of action, or may sue."

TERRAL, J., delivered the opinion of the court.

This is a petition by the state revenue agent filed to the December term, 1899, of the circuit court of Washington county, to invoke the power of said court to require the board of mayor and aldermen of the city of Greenville to levy a tax of six mills on the dollar for the year 1894, and of five and one-half mills on the dollar for the year 1895 upon banks and solvent credits within said city, upon the ground that during said years said board of mayor and aldermen should have levied a tax of twelve mills on the dollar in 1894 and of eleven and one-half mills on the dollar for the year 1895, which said board should have done, but had failed to do, but had levied only one-half of said amount of taxes upon banks and solvent credits for said years.

The authority of the board of mayor and aldermen of the

city of Greenville four years after said levy should have been made is claimed to exist in § 3020, annotated code, which is as follows: "The mayor and board of aldermen shall levy the municipal taxes at the regular meeting in September of each year, or, in case of failure so to do, at any other regular meeting thereafter." This section we think would justify the board of mayor and aldermen to levy its taxes during the year of their imposition, but not afterwards. It would be a dangerous power existing anywhere that could impose taxes for past years as well as for the current year, and such power in a municipal corporation must be clearly given before it can be exercised. The rule of construction of municipal authority is strict, and the power must be expressly conferred or necessarily implied, or it cannot be sustained. 15 Am. & Eng. Enc. L. (1st ed.), 1039. No implied power of levying back taxes can, in our judgment, be evoked from § 3020.

Mr. Justice Calhoon and the writer are of the opinion that the state revenue agent is not authorized for any cause or in any event to mandamus the board of mayor and aldermen of a city. No such authority is given by chapter 34, Laws of 1894.

*Affirmed.*