WIRT ADAMS, STATE REVENUE AGENT, v. CITY OF CLARKSDALE

ET AL.

[48 South. 242.]

1. MANDAMUS. *Appeals. Supreme court practice. New question.*

Where a petition for a mandamus was dismissed by the court of original jurisdiction on demurrer, a question not presented to or decided by that court will not be considered on appeal by the supreme court.

2. SAME. *Municipalities. Officers. Useless thing.*

Mandamus will lie against the officers of a municipality in a proper case (*Adams v. Greenville,* 77 Miss. 881, *overruled, Adams v. Kuykendall,* 83 Miss. 571), but will not be granted for a useless purpose, such as expunging a void order from the minutes of the municipality.

3. SAME. *Tax-collector. Barred assessments. Tax-payers' rights not available to collector.*

Mandamus will lie to compel a municipal tax-collector to collect assessments made by order of the state revenue agent on property that has escaped municipal taxation, and he cannot resist its issuance on the ground that many of the assessments are barred, that question being one between the state revenue agent and the tax payers for whom the collector cannot defend.

4. TAXATION. *Back taxes. Assessments. Municipalities. State revenue agent. Code 1906, § 3421. Concurrent power. Procedure.*

A municipality, acting by its clerk, is authorized by Code 1906, § 3421, giving such power, to assess property which has escaped municipal taxes for back taxes, and the right of the state revenue agent to make such assessments is not exclusive; but the statutory procedure prescribed for the one is not in all respects the same as provided for the other.

5. SAME. *Same. Notice to tax-payer. Code 1906, § 4740. Vacating order of approval. Code 1906, § 2296.*

A back-tax assessment, made at the instance of the state revenue agent by a municipal tax-collector, does not lose its vitality because of a failure to give prompt notice of it to the tax-payer; Code 1906, § 4740, requiring such notice, fixes no time limit for giving it, and such an assessment is valid if approved at the next regular meetiog of the municipal board after the notice has been given; and the order of approval cannot afterwards be vacated by the municipality, since, subject to an exception immaterial on this point, an approved assessment is given, by Code 1906, § 2296, so providing, the force and effect of a final judgment.

FROM the circuit court of, second district, Coahoma county. HON. SAMUEL C. COOK, Judge.

Adams, state revenue agent, appellant, was plaintiff in the court below; the city of Clarksdale and one Smith, an officer of the municipality, were defendants there. From a judgment sustaining a demurrrr to the petition for a writ of mandamus and dismissing the suit plaintiff appealed to the supreme court. The facts are fully stated in the opinion of the court.

*D. A. Scott,* for appellant.

After the municipality approved the action of its tax assessor and tax collector in assessing this property its municipal board became *functus officio* as to that matter and no appeal having been taken within the time required by law, or at any other time, from this final action of the board of mayor and alderman, the board had no legal authority whatsoever at any subsequent meeting to set aside, cancel or annul its former valid and subsisting order.

Sections 4738 to 4740, Code 1906, indicate just what the powers and duties of the revenue agent are. Under the last named section it will be noted that the revenue agent, when seeking or wanting to assess property which had escaped taxation, is expressly required to notify the assessors or tax collectors of the different counties and municipalities as the case may be, and if the assessment rolls are at the time when this notice is given, in the hands of the assessor, the notice is to be given to him, and thereafter when the rolls go out of his possession and into the hands of the tax collector, the notice is to be given to the latter officer.

It is contended by opposing counsel that in the instant case the notice provided for in section 4740 should have been given to the city clerk, and not to the appellee Smith, and, strange to say, counsel relies upon section 3421 to sustain the proposition so advanced by him. By referring to this latter section we find this language: "The municipal assessment of property for taxes shall be made by the clerk or the tax collector, etc." The petition for mandamus, to which the demurrers are addressed, alleges specifically and positively that the appellee Smith was at the very time called upon by the appellant to act in this matter, occupying the dual position of tax assessor and tax collector of his co-appellee, and that he so continued to occupy and discharge the duties of these official positions for a long time thereafter, and that as a matter of fact is now occupying the same official positions, and inasmuch as section 3421 expressly provides that the tax collector of the municipality may make all municipal assessments, argument is unnecessary to demonstrate the unsoundness of the view taken by adverse counsel. It is said, however, that because of the language in said section 3421, to wit: "In all cases where persons or property have escaped taxation for a previous year, the clerk shall assess the same for taxation, etc., that, therefore, no additional assessment can be made by any one other than the clerk, and, therefore, the notice here in question should have been given to the clerk and

not to the tax collctor. This language, however, refers ex-
clusively to additional assessments which are made by the clerk
of his own motion, and not to such assessments as are made at
the request and by interposition of the state revenue agent.

It was also argued in the court below that the only provision
made by law for assessing property located in a municipality,
which had escaped taxation, was that provided for in section
3421. It is only necessary to carefully read section 4740 of the
Code, to demonstrate the fallacy of any such argument. In this
latter section it is expressly made the duty of the revenue agent
to give the notice therein provided for to tax collectors or tax
assessors as the case may be, in counties and municipalities, and
thereupon they are requird under certain pains and penalties
and forfeitures to immediately cause the assessment to be made
as called for. It is true, as has already been stated, that where
persons or property have escaped municipal taxation for pre-
vious years the clerk of the municipality is called upon to assess
the same, and so does section 4320 of the Code with reference to
state, county, and levee taxes provide that tax collectors shall
make such additional assessments. So if opposing counsel is
right in his contention that no such municipal assessment can be
made by any one other than the clerk, it would then follow that
the revenue agent could never, in any case, cause any property
which had escaped taxation, to be assessed and the taxes paid,
state, county or levee, unless he called the attention of the
sheriff and tax collector to the fact that such property had es-
caped taxation, and to assess the same as provided for in section
4320 of the Code, although the *Brennen case,* as well as the
latter part of section 4740, *supra,* announces positively that the
revenue agent shall not call upon the tax collector to make any
such assessment when the rolls are in the hands of the tax as-
sessor, but that the demand shall be made upon the latter officer,
and only upon the tax collector after the rolls have gone into
his hands. This is exactly what the revenue agent did in the
instant case, when he made his request and demand upon the

defendant Smith, who was at that time under the provisions of section 3421, *supra,* as much the tax assessor of the appellee city of Clarksdale as the then clerk of that municipality.

As to the proposition that the appellant cannot compel a municipality to act in any matter of mandamus, opposing counsel relies exclusively upon the case of *Adams, State Revenue Agent v. City of Greenville,* 77 Miss. 881, 27 South. 990.

However this may be, in the latter case of *Adams v. Kuykendall,* 83 Miss. 571, 35 South. 830, this court has practically and to all intents and purposes overruled the *Adams v. Greenville case,* insofar as the right of the revenue agent to invoke the the writ of mandamus is concerned.

If as contended for, the state revenue agent can under no state of facts invoke the aid and assistance to be derived from the issuance of a mandatory writ of mandamus, the state had about as well abolish the office, for such a rule would, so to speak "put the revenue agent out of business."

*John W. Cutrer,* for appellees.

A misjoinder is manifest. The city of Clarksdale, is a municipal corporation, and no proceeding by mandamus will lie or can be maintained against it.

In a proper state of case, mandamus will lie against municipal officers individually and in their official capacities, requiring them to perform acts enjoined upon them by law, but that is a different thing from seeking to maintain a proceeding by mandamus against a municipality itself.

The record discloses the fact that the mayor and board of aldermen of the appellee city, are not made parties to this proceeding *eo nomine* or otherwise.

The city of and by itself cannot perform any act in the premises laid in the petition. In a proceeding of this sort, a person or body whose duty it is to perform an act sought to be enforced by mandamus is a necessary party respondent. 26 Cyc. 409–417 and notes; *Board of Commissioners v. Sellew,* 9 Otto, 624,

25 Co-op. Ed. 333; *The Board of Coms. of Labelte Co., etc. v. U. S. ex. rel. Moulton,* 112 U. S. 217, 28 Co-op. Ed. 698.

The decision of this court in the case of *Adams v. City of Greenville,* 77 Miss. 881, 27 South. 990 is controlling.

There is still further objection to the maintaining of this action against the appellee city, and that is, that if the assessments mentioned in the petition were legal and valid, the city could not do anything thereafter to undo a valid act, and, therefore, that the action complained of as taken in May, 1908, revoking the assessments, was absolutely ineffectual and void, and placed no impediment in the way of the tax collector from collecting the taxes, according to the said alleged assessments.

This appears from the petition, and for that reason also, at all events and regardless of the validity or invalidity of all acts leading up to the alleged making of the assessments mentioned, it was proper for the court to have sustained the demurrers and dismissed the petition as to the city.

The record shows that in the effort to make the said alleged assessments every provision of the law was ignored from the inception to the conclusion of the proceeding.

It is contended by the appellant that the proceeding adopted was in conformity to the provisions of section 3740 of the Mississippi Code of 1906, and that section only of the Code must be looked to with reference to the making of assessments of property which has escaped taxation for any previous year.

If that be true, it appears that the provisions of this section were not complied with. The section requires that where property has escaped taxation by reason of not being assessed, notice shall be given by the appellant to the tax collector in writing, and that the collector shall within ten days thereafter make the proper assessment by way of an additional assessment on the roll or tax list in his hands.

The words "tax lists" in this connection are synonymous with and mean the same thing as the "assessment roll."

There is no other known method of assessing property in

Mississippi, except by placing the same on the proper assessment roll which thereby becomes, of course, the tax lists in the hands of the collector, from which to make collections.

The record shows affirmatively that there was no proper assessment made by the tax collector by making any entry whatsoever upon any assessment roll or tax list in his hands within ten days, or at any other time, and that all the tax collector in the present case did was to note on the list provided him by the state revenue agent, that he had filed the same on the 23rd day of March, 1907. This de did not do in person, but assumed to do through an agency not known to the law, to wit: "By Al Nachman, deputy." There is no provision in any statute of Mississippi authorizing any assessor or tax collector of any municipality in Mississippi to appoint any person a deputy, and all that any such person does or may do in attempting to exercise the functions of either or both of said offices is void and of no effect whatsoever.

The statute further provides that immediately after the making of said additional assessments upon assessment rolls, the tax collector shall give ten days notice in writing to the person whose property is assessed, to appear at the next meeting of the mayor and board of aldermen at which objections to the said assessments will be heard.

The record shows that so far from this being done, the whole matter rested quiescent and was practically abandoned for twelve months, and that it was after the 18th day of February, 1908, that the tax collector undertook to give any notice whatsoever. If an assessment had been made by the tax collector on the proper assessment rolls of the city, it must have been made by him on the assessment roll of 1907, and in February, 1908, that roll would have been and was *functus officio* and was also in March, 1908.

MAYES, J., delivered the opinion of the court.

On the 13th day of July, 1908, the revenue agent filed a petition for mandamus against the city of Clarksdale and F. L.

Smith, acting both as tax collector and tax assessor for the city. The petition substantially alleges that the revenue agent gave written notice to Smith that certain property located in the city of Clarksdale had escaped taxation for the years 1891 to 1904, inclusive, and in the notice specifically described the property and required Smith to assess same as additional assessments on the rolls or tax list then in his possession. Smith, acting in his official capacity, made the additional assessment required by the notice on the same day that he received it, to wit, on the 23rd day of March, 1907. After making the assessments as required, they were filed and remained on file continuously. It is averred that Smith was acting in the dual capacity of tax assessor and tax collector for the city of Clarksdale when all these proceedings were had. After making and filing the additional assessments, no further action was taken until the 18th day of February, 1908, when Smith gave written notice to all of the alleged owners of the property which had been back-assessed by him, and in the notice directed the attention of the taxpayers on whom the notice was served to the fact that any objection to the assessment which they might have would be heard by the mayor and board of aldermen at the next regular meeting. This notice was served under section 4740 of the Code of 1906, and seems to have been in strict compliance with the same, except that it is stated in the notice that "the following described property in the county of Coahoma, Mississippi," etc., "has been assessed by me to you," etc., instead of specifying the city of Clarksdale; but the notice requires the parties to appear at the next meeting of the mayor and board of aldermen of the city of Clarksdale for the purpose of making any objection they might have, and we do not think this irregularity is sufficiently grave to invalidate the whole proceeding, as it is manifest that the assessment was in behalf of the city and by a city officer.

On the 3d day of March, 1908, at the next regular meeting of the mayor and board of aldermen of the city of Clarksdale, these back assessments were taken up for consideration and approved. No appeal was ever prosecuted from the order of ap-

proval, and directly thereafter Smith, as tax collector, proceeded to collect the amount of taxes due by virtue of the order of approval. Subsequently, on the 5th of May, 1908, and after the final adjournment of the regular meeting in March, the mayor and board of aldermen caused to be entered an order rescinding and canceling their order of approval of the tax assessments made at the regular March meeting of the board, and ordered all money heretofore collected thereunder to be refunded to the parties from whom same had been received. After this order was made the tax collector refused to proceed any further with the collection of the taxes above mentioned, but, acting under the order of the board, refunded all amounts previously collected by him. The petition avers that the action of the city of Clarksdale in vacating the order of approval made on March 3, 1908, by the order of May 5, 1908, was void, and that it continued to be the legal duty of Smith to collect all the taxes which had been assessed. The petition prayed for a writ of mandamus against the city of Clarksdale and F. L. Smith, tax assessor and collector, requiring the city, through its proper officers, to cancel and annul the order made at the May meeting, 1908, and further prayed that Smith, as assessor and tax collector of the city, be required to proceed without further delay to collect all taxes assessed as set out in this petition, and that Smith be required to carry out the order made by the mayor and board of aldermen at its March meeting, 1908.

Two separate demurrers were interposed to this petition, one by the city of Clarksdale, and the other by the tax assessor and collector. The city demurred on the ground: First, that the municipal authorities cannot be controlled by mandamus or like process of any court; second, because the assessments were illegal, and not made by officers authorized by law to make the same, and therefore the mayor and board of aldermen had no right to approve the assessments; third, because, as the assessment was not legally made, it was the duty of the defendant to rescind all action taken in the premises. On behalf of the tax assessor and

collector a demurrer assigned as grounds: First, that it was shown by the petition that no legal assessments were ever made as required by law; second, because it appears that the tax assessor and collector was without warrant or authority to make the collections; third, because the court was without authority to direct the collection of taxes illegally assessed. These are substantially the grounds of the demurrer filed by both defendants. On the hearing the court sustained the demurrers and dismissed the bill, from which action the revenue agent appeals.

On behalf of appellees it is urged here for the first time that the action of the lower court must be sustained, for the reason that there is not only a misjoinder of the parties, but, additionally to this, the city of Clarkesdale is not subject to mandamus by its corporate name, but, if any such action can be maintained, it must be brought against the individual members of the municipal board. It is sufficient to say, in answer to this argument, that no such question was raised by the demurrers in the court below, and therefore, following the many decisions of this court on this subject, we decline to pass on these questions here.

It is next argued for the appellees that the court held in the case of *Adams v. City of Greenville,* 77 Miss. 881, 27 South. 990, that the mayor and board of aldermen of a city were not subject to mandamus; hence, says counsel, if the mayor and board of aldermen cannot be mandamused, certainly the city itself cannot be subject to the writ. It would seem, in the opinion above referred to, that the court did so hold; but in the case of *Adams v. Kuykendall,* 83 Miss. 571, 35 South. 830, the case of *Adams v. City of Greenville* was overruled. The two cases are absolutely inconsistent, and cannot be distinguished, and in our judgment the *Kuykendall case* announces the correct rule of law.

It is further contended by appellee that by section 3421, Code of 1906, the notice required to be given by section 4740 should have been given to the clerk of the municipality. Section 3421 has no application to a proceeding instituted by the revenue

agent under chapter 131, Code of 1906. Where the revenue agent is proceeding to back-assess property, the proceedings are to be as provided under chapter 131, and the various sections of the Code under this chapter are applicable alone to him. But the right of the revenue agent to back-assess is not the exclusive power in the law so to do. By section 3421 the municipality, acting through its clerk, may of its own motion assess property which has escaped taxation, and when that is done the back tax assessment must be made by the clerk. But this section has no controlling influence where the proceeding is instituted by the revenue agent.

The petition shows that although the tax assessor and collector made out the back tax assessment on his list, and filed same, yet no notice was given to the parties against whom the assessment was made until February 18, 1908, nearly a year after the assessments were filed. It is contended, therefore, that the assessment was a nullity because of this. We do not think there is anything in this contention. The assessment was made on the 23d of March, 1907, and the list filed. It is true no notice was given to the taxpayers until the 18th day of February, 1908, and until notice had been given and the assessment approved no taxes became due and none could have been collected; but the notice was given and the assessment properly approved by the mayor and board of aldermen at the next regular meeting after the notice. After assessment is made no particular limit of time is fixed by section 4740, Code of 1906, within which notice must be served on the owners of the property back-assessed. This being the case, the matter could be heard by the mayor and board of alderman at any time after notice to the parties assessed within the period of the statute of limitations.

After the meeting of the mayor and board of aldermen at the regular session in March, 1908, with due notice to the taxpayer, and the list as filed by the tax collector had been approved, it was beyond the power of the mayor and board of aldermen to cancel this order of approval at any subsequent time; hence

their action on May 5th was a nullity. Under section 4296 of the Code of 1906, where an assessment roll has been properly approved, the taxpayer is precluded from questioning its validity afterwards, and the effect of the approval is to render a final judgment against the taxpayer, unless subject to be reopened under section 4312. A judgment rendered by the mayor and board of aldermen, except in cases provided by statute, is no more open to further action after final judgment than is that by any other tribunal. *Revenue Agent v. Clarke,* 80 Miss. 134, 31 South. 216.

The action of the board on May 5th in passing the order vacating the approval of March 3d was not under section 4322, or claimed to be under this section. The petition shows a strict compliance in every respect with section 4740, Code of 1906, in so far as the back assessment is concerned, and we do not think that the case of *State v. Brennan,* 72 Miss. 894, 18 South. 482, has any application. In this case Smith was both tax collector and tax assessor. The facts of the *Brennan case* are easily distinguishable from the facts here.

Since the action of the board was a nullity, it would be useless to require the board to expunge from its records that which has no legal force or effect. For this reason alone the demurrer filed by the city should be sustained, and petition dismissed as to it; but the demurrer interposed by the tax collector should be overruled, as the assessment is in all respects valid. It may be that by section 4742, Code 1906, many of these assessments are barred; but we leave this question to be settled between the revenue agent and the taxpayer, since it is of no concern to the tax assessor and collector, and he can interpose no such defense for them.

Let the demurrer be sustained as to the city of Clarksdale, and reversed as to the tax collector and assessor.

*Affirmed* as to city of Clarksdale; *reversed* as to Smith, tax assessor and collector.