498 So.2d 376 (1986)
In the Matter of the ESTATE OF William Edgar MYERS, Deceased: Mrs. Margaret Jewel Myers, Widow of William Edgar Myers
v.
Prentiss Edgar MYERS & Joan Salter, Administratrix.
No. 56958.
Supreme Court of Mississippi.
November 19, 1986.
Gary D. Thrash, Jackson, for appellant.
William T. May, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
Two issues are raised on this appeal: (1) the validity of the publication of the notice *377 to creditors by a former administrator, and (2) the validity of the notice to creditors in a newspaper allegedly not of general circulation in the county.
The Chancery Court of Hinds County held that the notice to creditors by the former administrator was valid and that claims against the Estate of William Edgar Myers filed ninety days after the date of the first date of publication were barred by the statute of limitations. From this ruling the widow, Mrs. Margaret Jewel Myers, appeals.

I.
Letters of administration were granted to Prentiss Edgar Myers on the estate of William Edgar Myers, deceased. Pursuant to that appointment the administrator caused notice to creditors to be issued and forwarded to The Northside Sun newspaper in Jackson for publication. The widow of the decedent moved to remove the administrator appointed without notice to her under her statutory entitlement to preference for such appointment. Miss. Code Ann. § 91-7-63 (1972). The chancellor removed the administrator and substituted Joan Salter successor administratrix. The court signed the court order on November 15, 1984, the same date that the first publication of the notice to creditors signed by the former administrator was published.
Some two months after the expiration of the time within which claims may be probated for payment, the First National Bank of Jackson filed a claim for $30,606.30. The notes for which payment was sought were not signed by the decedent, but the proof of claim alleged that the indebtedness was owed by the decedent. The successor administratrix contested the claim on the ground that the claim was barred for failure to probate and register within the ninety day time period for filing. Miss. Code Ann. § 91-7-145 (Supp. 1985). The chancellor denied the claim, and the widow appeals.

II.

Was the notice to creditors signed by the former administrator and published on the same date as his removal valid?
Miss. Code Ann. § 91-7-145 (Supp. 1985) sets forth the duty of the administrator to publish a notice to creditors of an estate.
It shall be the duty of the executor or administrator to publish in some newspaper in the county a notice requiring all persons having claims against the estate to have the same probated and registered by the clerk of the court granting letters, within ninety (90) days, which notice shall state the time when the letters were granted and that a failure to probate and register for ninety (90) days will bar the claim.
It is the appellant's claim that a new notice to creditors should have been published because of the removal of the former administrator.
Appellant relies upon the holding of this Court of Bankston v. First National Bank & Trust Company of Vicksburg, 177 Miss. 719, 171 So. 18 (1936). The opinion held that a "strict compliance with the law to set the statute of limitations in motion" was essential. In the Bankston case the notice to creditors failed to comply with the statute. The court therefore held the notice insufficient to bar the claim.
The factual situation of the instant case is distinguishable. The administrator here was duly appointed, qualified, and acting at the time he caused the notice to be executed and forwarded to the newspaper. No defect is challenged in its form. The fact that the duly qualified administrator was later removed and a successor administratrix appointed does not invalidate the activities of the former administrator with which he is charged by statute and which were properly and legally performed. The fact that the notice itself was delayed in publication by the newspaper until after the revocation of the former administrator's authority is not significant; that which is important is the fact that the former administrator was clothed with authority to act when he did so. In the case of Re Williamson's Estate, 95 So.2d 244 *378 (Fla. 1956) the Florida Court held that a successor administrator takes the estate as he finds it, subject to all proceedings of the original administrator.
The Court finds no merit to appellant's argument.

III.

Was the publication of the notice to creditors in a newspaper of general circulation in Hinds County?
Previously cited in this opinion is Miss. Code Ann. § 91-7-145 (Supp. 1985) which requires that a publication of notice to creditors be made in a newspaper in the county.
This section thus brings into bearing Miss. Code Ann. § 13-3-31 (Supp. 1985), which sets forth the requirements a newspaper must meet in order to qualify as a valid publisher of legal notices. Said section reads in pertinent part:
(1) Whenever it is required by law that any summons, order, citation, advertisement or other legal notice shall be published in a newspaper in this state, it shall mean, in addition to any other requirements imposed by law, publication in some newspaper which:
(a) Maintains a general circulation predominantly to bona fide paying subscribers within the political subdivision within which publication of such legal notice is required. The term "general circulation" means numerically substantial, geographically widespread, demographically diversified circulation to bona fide paying subscribers... .
.....
(2) "Newspaper," as used in this section, shall not include a newspaper, publication, or periodical which is published, sponsored by, is directly supported financially by, or is published to further the interests of, or is directed to, or has a circulation restricted in whole or in part to any particular sect, denomination, labor or fraternal organization or other special group or class of citizens, or which primarily contains information of a specialized nature rather than information of varied, broad and general interest to the general public, or which is directed to any particular geographical portion of any given political subdivision within which publication of such legal notice is required, rather than to such political subdivision as a whole. No newspaper otherwise qualified under this section shall be disqualified from publishing legal notices for the sole reason that such newspaper does not have as great a circulation as some other newspaper publishing in the same political subdivision.
See also, City of Jackson v. Capital Reporter Publishing Co., Inc., 373 So.2d 802 (Miss. 1979).
Appellant contends that The Northside Sun is not geographically widespread as it serves the geographical area of North Jackson, South Madison County, Flowood and the Ross Barnett Reservoir area. Section 13-3-31 specifically prescribes that the term "newspaper" "... shall not include a newspaper, publication or periodical ... which is directed to any particular geographical portion of any given political subdivision within which publication of such legal notice is required ..."
The appellant further asserts that this question was presented to the trial court. However, the record does not reflect this specific issue. By raising the newspaper issue for the first time on appeal, appellant has submitted factual evidence in her brief for consideration by the Supreme Court which was never submitted or offered to the chancellor.
One of the most fundamental and long established rules of law in Mississippi is that the Mississippi Supreme Court will not review matters on appeal that were not raised at the trial court level. Adams v. City of Clarksdale, 95 Miss. 88, 48 So. 242 (1909).
This Court has repeatedly refused to allow what appellant is now trying to do. "[W]e will not go outside the record to find facts and will not consider any statement of facts attempted to be supplied by counsel in briefs." Commercial Credit Equipment *379 Corp. v. Kilgore, 221 So.2d 363, 367 (Miss. 1969). Furthermore, appellant seeks to escape the long adhered-to rule that a trial court should not be put in error on appeal for a matter not presented to it for a decision. Mills v. Nichols, 467 So.2d 924 (Miss. 1985), citing Natural Father v. United Methodist Children's Home, 418 So.2d 807 (Miss. 1982) and Mabry v. Winding, 229 Miss. 88, 90 So.2d 175 (1956). See also, V. Griffith, Mississippi Chancery Practice, 745, 746 (2d Ed. 1950).
For this reason, this Court declines to address the issue raised by this assignment and holds it to be procedurally barred on this appeal.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.