762 So.2d 792 (2000)
H. Power HEARN, Appellant,
v.
Etta SHELTON, Ruby Lee Shelton, Bernice Shelton, Robert James Shelton, Willie Shelton, Jr., Leroy Shelton and Eddie Shelton, Appellees.
No. 1998-CA-01832-COA.
Court of Appeals of Mississippi.
June 27, 2000.
*793 Dale H. McKibben, Jackson, Attorney for Appellant.
Jerry R. Wallace, Jackson, Attorney for Appellees.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
BRIDGES, J., for the Court:
¶ 1. This is an appeal from the Madison County Chancery Court wherein Judge Derek Parker ruled against H. Power Hearn who claimed ownership of a disputed tract of land located on the south side of Lake Harbor Road in Ridgeland, Madison County. The chancellor found that Hearn no longer owned the property in question and that title was vested in Etta Shelton, et al. Hearn alleges error at trial occurred when the trial judge failed to find that Hearn adversely possessed this tract of land. The only issue we address on appeal is

I. WHETHER THE CHANCELLOR CORRECTLY AWARDED OWNERSHIP OF THE DISPUTED .477 ACRES OF LAND TO THE SHELTONS.
Looking at the evidence before this Court, we believe he did.

STANDARD OF REVIEW
¶ 2. "Our appellate review is limited by familiar rules. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly *794 wrong, clearly erroneous or an erroneous legal standard was applied." Herring Gas Co., Inc. v. Whiddon, 616 So.2d 892, 894 (Miss.1993). "When there are no specific findings of fact, we will assume that the trial court made determinations of fact sufficient to support its judgment." Pace v. Owens, 511 So.2d 489, 492 (Miss. 1987). "We will also look to the evidence and see whether or not the state of facts justify the decree." Pace, 511 So.2d at 492. Greenlee v. Mitchell, 607 So.2d 97, 105 (Miss.1992).

FACTS
¶ 3. The facts are extremely convoluted. The ownership of this particular tract and its adjoining property as it relates to this case began on November 1, 1957, when Hearn bought about eighty acres of land (less four separate tracts consisting of seven, five, four and four acres respectively, leaving a net total of sixty acres) near the current Spillway Road location. In 1965, Hearn sold twenty acres of his 60 to the Reservoir Authority. While surveying the land, it was discovered that one of the four acre tracts excluded from the original eighty acres Hearn bought actually contained five acres. This is the same tract the Sheltons claimed as a residence. Of that four acres (really five) that the Sheltons claimed, approximately two acres were on the deed the family had in its possession. The other three acres were on Hearn's property. The Reservoir Authority wanted most of that four (really five) acres of land, so Hearn executed a quitclaim deed for the land in question which named the Sheltons as the grantees. This deed was recorded by the Reservoir Authority in 1966, about a year after it was drawn. The Sheltons also negotiated with the Reservoir Authority and had their house moved from that piece of property to a different location. These land transactions enabled the Reservoir Authority to construct Spillway Road.
¶ 4. Years went by and Hearn continued to sell off the remaining acreage from his original eighty, and his holdings in that area have now dwindled to the triangular shaped .477 acre tract in question. Recently, Hearn filed suit to clear title to sell the remaining land, and the Sheltons responded to the confirmation suit regarding this piece of property, claiming they still own it from the quitclaim deed recorded in 1966.

LEGAL ANALYSIS
¶ 5. Hearn claims that the quitclaim deed was not properly delivered, thus invalidating the deed and leaving him as the true owner of the property. Shelton argues that this argument is barred on appeal because it was never mentioned at trial. This Court can find no record of this argument being considered during the trial. It is black letter law that this Court will not review matters on appeal that were not raised at the trial court level. Adams v. City of Clarksdale, 95 Miss. 88, 97, 48 So. 242, 244 (1909). Hearn also alleges that inadequate consideration was given for the land in question, thereby invalidating the transaction for lack of consideration. Ample proof was offered at trial that in exchange for the .477 acre tract of land, the Sheltons abandoned their claim for other land in the area to which they had record title but had never possessed. A party's forbearance to sue on a justiciable claim can constitute valuable consideration. Daniel v. Snowdoun Ass'n, 513 So.2d 946, 949 (Miss.1987). This issue is without merit. In the alternative, Hearn asserts that he adversely possessed the property.
¶ 6. One who asserts a claim of adverse possession must establish six elements by clear and convincing evidence. The claimant must prove that his possession or occupancy of the property was: (1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful. West v. Brewer, 579 So.2d 1261, 1262 (Miss.1991) (citing Stallings v. Bailey, *795 558 So.2d 858, 860 (Miss.1990)). Numerous cases from the supreme court have held that under certain circumstances, a grantor may retain a part of his conveyed property by adverse possession against his grantee. Skelton v. Lewis, 453 So.2d 703, 706 (Miss.1984). The proof in order to establish adverse possession in such a situation is far greater than the average adverse possession case. Skelton, 453 So.2d at 706. Our supreme court stated further:
[I]n any case where the grantor claims by adverse possession all or part of the property conveyed, the proof of actual notice of that possession by the grantor to the grantee should be stronger than in the normal adverse possession case and should be clear beyond a reasonable doubt. The evidence should reveal that the grantee has been ousted from the property he received under the conveyance.
Id.
¶ 7. At trial, Hearn admitted that he never fenced, tilled, improved the property or otherwise possessed the subject property. Hearn alleges he is entitled to possession based solely upon the fact that he has been the only person to pay taxes on the property in recent years. However, when questioned about this at trial, Hearn revealed that he paid taxes on 1.5 acres of property as described in a deed in his possession. It is agreed that this land is in the vicinity of the .477 acre tract in question, but Hearn also admitted that neither he nor his expert draftsman could say for sure that the .477 acre tract in question was covered under the deed listing the 1.5 acres. Accordingly, no one is sure whether the taxes paid covered the property in question or not. It has long been established that payment of taxes alone will not ripen a defective possession into title. Leavenworth v. Reeves, 106 Miss. 722, 64 So. 660 (1914). Payment of taxes is simply one incident to possession and whether an adverse possessor has paid property taxes on the land in controversy is not dispositive of the claim of ownership. Houston v. U.S. Gypsum Co., 652 F.2d 467, 474 (5th Cir.1981).
¶ 8. It seems clear that the evidence presented at trial was insufficient to show adverse possession under the heightened scrutiny of the Skelton analysis. Upon a review of the record, we cannot say that the decision of the trial court was not supported by substantial evidence or was manifestly wrong.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.