# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CA-01487-SCT

*THE WILLIAMS COMPANIES, INC.*

*v.*

*MISSISSIPPI DEPARTMENT OF REVENUE*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/20/2018 |
| TRIAL JUDGE: | HON. J. DEWAYNE THOMAS |
| TRIAL COURT ATTORNEYS: | SHELDON G. ALSTON |
| | LOUIS G. FULLER |
| | LELAND KYLE WILLIAMS |
| | BRIDGETTE TRENETTE THOMAS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | SHELDON G. ALSTON |
| | LOUIS G. FULLER |
| ATTORNEY FOR APPELLEE: | BRIDGETTE TRENETTE THOMAS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 06/04/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. The Mississippi Department of Revenue conducted an audit of the Mississippi corporate tax returns of The Williams Companies, Inc. (Williams), for the years 2008 through 2010. During the course of the audit, Williams filed amended returns removing the capital of its single-member limited-liability companies (SMLLCs) from its calculation of capital employed in the state, seeking a refund of franchise tax in the amount of $981,419. After the Department's review of Williams' records and returns, the Department issued an assessment.

¶2.     The calculation included the capital of Williams' SMLLCs in Williams' Mississippi franchise-tax base.  This resulted in a refund of $231,641.  Williams objects, and it argues that it should not be assessed a franchise-tax on capital employed by its Mississippi subsidiaries because of ambiguous language in our franchise tax statutes.  We affirm the holding of the chancery court that Williams cannot exclude the capital of its SMLLCs from its franchise-tax base.

**FACTS**

¶3.     The Williams Companies, Inc., is a Delaware corporation with several subsidiary companies doing business in Mississippi, including SMLLCs.  Williams is the sole member of its SMLLCs.  Consistent with Mississippi law, Williams filed a Mississippi Combination Corporate Income and Franchise Tax Return (Pro-Forma Federal Form 1120 Corporate Income Tax Return). Initially, Williams included the SMLLCs' capital in its calculation of its Mississippi franchise-tax base.

¶4.     The Mississippi Department of Revenue audited Williams' corporate income and franchise-tax returns covering the periods from 2008 through 2010.  During the course of the audit, Williams filed amended returns, removing the SMLLCs' capital from its calculation of capital employed in the state.  After filing the amended returns, Williams sought a $981,419 refund of franchise tax for the years at issue.

¶5.     The auditor denied all but $231,641 of Williams' requested refund.  Williams appealed the franchise-tax assessment to the Department's board of review, which upheld the auditor's determination and denied the remaining refund amount of $749,778.  Williams

2

appealed the decision of the board of review to the Mississippi Board of Tax Appeals (BTA). The BTA affirmed the decision to deny the remaining refund amount, finding that Williams was required to include the SMLLCs' capital in the calculation of its Mississippi franchise-tax base.

¶6. Williams appealed to the Hinds County Chancery Court. After a hearing on cross-motions for summary judgment, the chancery court entered an order granting the Department's motion.

¶7. At the time of the filing of this appeal, it is disputed whether the Department has refunded Williams' undisputed overpaid taxes in the amount of $231,641 as ordered by the board of review.

## ISSUES

¶8. The issues presented by Williams on appeal are as follows: (1) whether the Department exceeded its statutory authority by disregarding Williams' subsidiary SMLLCs and including the capital of the SMLLCs in Williams' franchise-tax base and (2) whether the chancery court lacked subject-matter jurisdiction or otherwise erred by granting the Department's motion for summary judgment under Mississippi Code Section 27-77-7(4) (Rev. 2010) because the Department failed to issue a refund of Williams's undisputed overpaid taxes.

## STANDARD OF REVIEW

¶9. Issues related to BTA appeals are questions of law, which are reviewed by this Court de novo. ***Miss. Dep't of Revenue v. Hotel and Rest. Supply***, 192 So. 3d 942, 945 (Miss.

2016) (citing *Equifax, Inc. v. Miss. Dep't of Revenue*, 125 So. 3d 36, 41 (Miss. 2013)).

Further, "[a] de novo standard is applied when the Court reviews a chancery court's grant or denial of summary judgment." *Id.* (internal quotation marks omitted) (citing *Miss. Dep't of Revenue v. Isle of Capri Casinos, Inc.*, 131 So. 3d 1192, 1194 (Miss. 2014)). In reviewing an agency's interpretation of a statute governing that agency's operation, this Court no longer gives deference to the agency's interpretation. *King v. Miss. Military Dep't*, 245 So. 3d 404, 407-08 (Miss. 2018).

## DISCUSSION

**1.      The capital of the SMLLCs must be included in Williams' franchise-tax base.**

¶10.   Mississippi Code Section 27-13-5 (Rev. 2017) imposes a franchise-tax on corporations organized, created, or established under the laws of this state. Williams, being a corporation with several subsidiary companies doing business in the state, is statutorily obligated to pay franchise tax. The Department's calculation of the tax owed by Williams is the central issue in this appeal.

¶11.   Williams argues that the Department erroneously disregarded Williams' subsidiary SMLLCs and included the capital of the SMLLCs in Williams' franchise tax capital base. Williams also contends that the Department bears the burden of demonstrating that it has the power under Mississippi law to do so. Williams argues that Mississippi Code Section 27-13-7(1) imposes a franchise tax only on "every corporation, association or joint-stock company, or partnership treated as a corporation . . . ." Miss. Code. Ann. § 27-13-7(1)(a) (Rev. 2017). The relevant SMLLCs in this matter are not corporations and do not have capital stock as

4

defined in Section 27-13-7(1)(a).  Therefore, Williams argues that the Department has no statutory authority to treat Williams' SMLLCs as corporations subject to franchise tax.

¶12.   But the Department does not argue that the SMLLCs at issue are corporations.  Nor does the Department claim the statutory authority to treat the SMLLCs as corporations subject to franchise tax.  That is why the SMLLCs in this case were not themselves assessed a franchise tax.  The franchise tax was instead assessed to *Williams*.  As explained by this Court, the

> franchise tax is not a tax on the capital of a corporate entity; it is a tax on a corporate entity "for the right granted by the laws of this state to exist as such organization, and to enjoy, under the protection of the laws of this state, the powers, rights, privileges and immunities derived from the state by the form of such existence." Miss. Code Ann. § 27-13-5; 1982 Miss. Laws 489, § 8.

***Tower Loan of Miss., Inc. v. Miss. State Tax Comm'n***, 662 So. 2d 1077, 1086 (Miss. 1995).

¶13.   As the Department points out, Williams is required to report the activity conducted by its subsidiaries in Mississippi on its Mississippi combination return. As SMLLCs are disregarded and do not possess their own tax classification, the capital base of the SMLLCs must be included in the tax base of its sole member corporation.  Mississippi Code Section 27-13-1(h) (Rev. 2017) provides that

> [a]n entity that is required to file and report for federal income tax purposes on the activity conducted in Mississippi of a single member limited liability company which is not classified as a corporation, and thus disregarded, shall be considered to be doing business in this state for purposes of this chapter.

Mississippi Code Section 27-13-8(2) (Rev. 2017) provides, in relevant part,

> An entity that is required to file and report for federal income tax purposes on the activity conducted in Mississippi of a single member limited liability company which is not classified as a corporation, and thus disregarded, shall

5

be required to file a Mississippi combination return of corporation income and franchise tax even if such entity is included in a consolidated corporation income tax return filed for federal purposes.

The parties agree that the SMLLCs are disregarded for federal income-tax purposes. Therefore, as the single member of the SMLLCs doing business in Mississippi, Mississippi law requires that Williams file a Mississippi combination return of corporate *income and franchise tax*. Miss. Code Ann. § 27-13-8(2). And Section 27-13-7(1)(a)(i) imposes a franchise tax on the "value of [Williams's] capital used, invested, or employed within this state . . . ." Miss. Code Ann. § 27-13-7(1)(a)(i) (Rev. 2017).

¶14. The purpose of the franchise-tax law is to require the payment of a tax measured by the amount of capital, or its equivalent, for which an organization like Williams receives the benefit and protection of the laws of the state of Mississippi. Miss. Code Ann. § 27-13-5 (Rev. 2017). "[I]t is the value of the capital employed in this state which is protected by the government and the laws of this state, that is to be used as the basis upon which the tax is to be calculated." ***Tower Loan***, 662 So. 2d at 1083 (internal quotation marks omitted) (quoting ***Scott Bldg. Supply Corp. v. Miss. State Tax Comm'n***, 235 Miss. 22, 108 So. 2d 557, 562 (1959)). "The determination of amount and measurement of the franchise tax rests solely in the discretion of the state." ***Id.*** at 1086.

¶15. Williams cannot argue both that its subsidiary SMLLCs are not corporations subject to franchise tax *and* that the state does not have the statutory authority to disregard the SMLLCs and thereby include the SMLLCs' capital within the parent corporation's franchise-tax capital base. Williams's SMLLCs are disregarded and therefore are not required to file

6

a tax return separate from Williams' tax return. But this does mean that the SMLLCs are exempt from franchise tax. The assets of a subsidiary corporation are not exempt from taxation; such assets are included in the parent corporation's franchise-tax base. ***Tower Loan***, 662 So. 2d at 1085. "The intent of the legislature to include the assets of a subsidiary corporation in the parent corporation's franchise tax base was made clear by the amendment in 1988 of Miss. Code Ann. § 27-13-9." ***Id.*** at 1085. Williams' interpretation of Mississippi's franchise-tax laws would exclude from its franchise- tax base the very capital that is meant to be included.

## 2. The chancery court did not lack subject-matter jurisdiction or otherwise err by granting the Department's Motion for Summary Judgment.

¶16. In a final attempt to evade payment of the franchise tax, Williams argues that Mississippi Code Section 27-77-7 divested the chancery court of subject-matter jurisdiction over the case, thereby barring the chancery court from affirming the Board's decision in favor of the Department. At the time relevant to this appeal,[1] the statute provided in pertinent part:

> (4) In an action under this section resulting from an order of the Board of Tax Appeals involving a refund claim denial, the agency shall refund or credit to the taxpayer, as provided by law, the amount of any

---

[1] This statute has since been amended and now includes the following language:

Failure of the agency to timely pay or credit the uncontested overpayment to the taxpayer shall bar the agency from obtaining an affirmation, in whole or in part, of the refund claim denial in issue until the payment or claim is made, *but shall not result in the agency's appeal or cross-appeal being dismissed or judgment being entered granting the taxpayer the relief he requested*.

Miss. Code. Ann. § 27-77-7(4) (Rev. 2017) (emphasis added).

overpayment included in the refund claim which the agency does not contest . . . . If the petition initiating the appeal is filed by the taxpayer, such uncontested overpayment shall be paid or credited to the taxpayer prior to the expiration of the thirty-day time period for the filing of an answer or other response to the petition as provided in subsection (5) of this section. *Failure of the agency to timely pay or credit the uncontested overpayment to the taxpayer shall bar the agency from obtaining an affirmation, in whole or in part, of the refund claim denial in issue and shall result in the agency's appeal or cross-appeal being dismissed with prejudice and judgment being entered granting the taxpayer the relief he requested*, excluding however any request for the awarding of attorney fees.

Miss. Code Ann. § 27-77-7(4) (Rev. 2010) (emphasis added). Williams interprets this statute to mean that if the Department fails to issue any undisputed refund to a taxpayer within thirty days after the taxpayer files a complaint in chancery court, the chancery court is barred from affirming the denial of the taxpayer's refund claim and is divested of subject-matter jurisdiction over the case. This argument fails for two reasons. First, Williams confuses the appellate jurisdiction granted to chancery courts under Section 27-77-7 with general subject-matter jurisdiction. Second, because this is in fact *not* an issue of general subject-matter jurisdiction and is raised for the first time on appeal, it is procedurally barred. *Myers v. Myers (In re Estate of Myers)*, 498 So. 2d 376, 378 (Miss. 1986) ("One of the most fundamental and long established rules of law in Mississippi is that the Mississippi Supreme Court will not review matters on appeal that were not raised at the trial court level." (citing *Adams v. City of Clarksdale*, 95 Miss. 88, 48 So. 242 (1909))).

¶17. This Court held in *Khurana v. Mississippi Department of Revenue* that Mississippi Code Section 27-77-7 does not divest chancery courts of subject matter jurisdiction:

We take this opportunity to clarify *Akins* [*v. Miss. Dep't. of Revenue*, 70 So. 3d 204 (Miss. 2011)] on the issue of jurisdiction. This Court in *Akins* reviewed Mississippi Code Section 27-77-7(4), which provides, "[t]he chancery court in which a petition under subsection (1) is properly filed shall have *jurisdiction* to hear and determine said cause or issues . . . ." (Emphasis added.) Although this Court used the term "subject matter jurisdiction" to explain Akins's failure to perfect his appeal, failure to perfect an appeal under Mississippi Code Section 27-77-7 does not divest the chancery court of *subject matter* jurisdiction. Subject matter jurisdiction refers only to the court's power to exercise authority over the nature of the case and type of relief sought. *Black's Law Dictionary* 689 (abr. 7th ed. 2000). Clearly, chancery courts do have subject matter jurisdiction over appeals from tax assessments ordered by the [Department].

*Khurana v. Miss. Dep't of Revenue*, 85 So. 3d 851, 855 (Miss. 2012). Clearly, the chancery court did have subject-matter jurisdiction over Williams' appeal of the tax assessment.

¶18. Because this is not a question of whether the chancery court had general subject-matter jurisdiction to hear the case, Williams's argument concerning Mississippi Code Section 27-77-7 is procedurally barred because it was not previously raised in the trial court. Williams is attempting to circumvent this procedural bar by framing this as an issue of subject-matter jurisdiction. This is incorrect, and this Court has consistently held that errors raised for the first time on appeal will not be considered.

## CONCLUSION

¶19. As the single member of subsidiary SMLLCs doing business in Mississippi, Williams has a statutory obligation to file a Mississippi franchise-tax return. Williams cannot evade paying this tax by structuring its business in such a way that precludes the inclusion of capital in its franchise-tax base. The chancery court correctly held that the Department has the

9

authority to assess the franchise tax against Williams and that Williams cannot exclude the capital of its SMLLCs from its franchise-tax base.

¶20.   **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**