# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CT-00828-SCT

*BARBARA LEWIS, INDIVIDUALLY, AS
ADMINISTRATRIX FOR THE ESTATE OF R. J.
LEWIS, AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES FOR THE ESTATE OF
R. J. LEWIS*

*v.*

*FOREST FAMILY PRACTICE CLINIC, P.A. AND
JOHN PAUL LEE, M.D.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/23/2011 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES HOWARD THIGPEN |
| ATTORNEYS FOR APPELLEE: | JOHN BURLEY HOWELL, III |
| | MILDRED M. MORRIS |
| | TIMOTHY LEE SENSING |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED; THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED AS MODIFIED - 10/31/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    The trial court granted the defendant's motion to dismiss because of insufficient service of process. The plaintiff appealed and the Court of Appeals reversed, holding that, even though service of process was improper, good cause existed under Mississippi Rule of

Civil Procedure 4(h), and the action should not have been dismissed. We granted certiorari because the plaintiff never raised the issue at trial. Because we find it improper to raise this issue for the first time on appeal, we reverse the judgment of the Court of Appeals and reinstate and affirm the judgment of the Circuit Court of Scott County.

## FACTS AND PROCEDURAL HISTORY

¶2. R.J. Lewis was Dr. John Paul Lee's patient from May 19, 2008, through May 23, 2008. Lewis died on May 23, 2008. On June 1, 2010, Barbara Lewis, as Administratrix for R.J. Lewis's estate and on behalf of the wrongful-death beneficiaries of R.J. Lewis ("Lewis"), filed a complaint in the Circuit Court of Scott County against Dr. Lee and Forest Family Practice.

¶3. Dr. Lee served as agent for service of process for Forest Family Practice. Proofs of service indicate that Process Server Gary Windham personally served Dr. Lee and Forest Family Practice with process on September 21, 2010. Relying on the proofs of service, Windham testified that he personally gave Dr. Lee the process, but admitted he had no independent recollection of doing so.

¶4. Dr. Lee, however, contends that process was served on the clinic's cashier, Winnie McMullan, even though she had no authority to accept process and was not informed that she was accepting legal documents. McMullan testified she remembered seeing Windham and that he left papers with her to give to Dr. Lee, but she testified she did not know the documents concerned a lawsuit and that she was not authorized to accept service of process for Dr. Lee or Forest Family Practice.

2

¶5.     Dr. Lee testified that he did not meet Windham or receive any documents from him on September 21, 2010. Dr. Lee further stated that he never gave McMullan, nor anyone else, permission to accept service of process on his behalf. Based on this, Dr. Lee and Forest Family Practice filed a motion to dismiss for insufficient service.

¶6.     The trial court granted the motion to dismiss and dismissed the case with prejudice. Lewis appealed, and the Court of Appeals held that, although service of process was improper, good cause existed under Rule 4(h), and that the action should not have been dismissed. Dr. Lee and Forest Family Practice now appeal the Court of Appeals' decision, arguing that: (1) any consideration of the good-cause argument was improper because Lewis did not raise the issue at trial; (2) the appellate court improperly made findings of fact; (3) the circuit court did not commit plain error; and (4) there is substantial evidence that good cause did not exist.

## STANDARD OF REVIEW

¶7.     We review a trial court's grant or denial of a motion to dismiss de novo,[1] but when considering fact-based findings, "we will only examine whether the trial court abused its discretion and whether there was substantial evidence supporting the determination."[2]

---

[1] *Johnson v. Rao*, 952 So. 2d 151, 154 (Miss. 2007) (citing *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 988 (Miss. 2004)).

[2] *Johnson*, 952 So. 2d at 154 (quoting *Triple "C" Transp., Inc. v. Dickens*, 870 So. 2d 1195, 1197-98 (Miss. 2004) (quoting *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (Miss. 2002))).

3

**DISCUSSION**

¶8.    We agree with the Court of Appeals' finding that the trial court did not abuse its discretion in holding that service of process was insufficient. Ample testimony in the record supports a finding that process intended for Dr. Lee and Forest Family Practice was served on McMullan, who had no authority to accept the process.

¶9.    In order for a person to accept service of process on behalf of another, Rule 4(d) requires that the person be an "agent authorized by appointment or by law to receive service of process."[3] Further, this Court has defined agent "[to] include only agents vested with some general authority and discretion, and not to extend to mere employees having no independent powers."[4]

¶10.    Both Dr. Lee and McMullan testified that McMullan did not have authority to accept process for Dr. Lee or the Forest Family Practice. McMullan also stated that Windham did not inform her the papers pertained to a lawsuit. All of this evidence supports the trial court's conclusion.

¶11.    Rule 4(h) of the Mississippi Rules of Civil Procedure states that

> [i]f a service of the summons and complaint is not made upon a defendant within 120 days . . . and the party on whose behalf such service was required cannot show good cause why such service was not made within that period . . . the action shall be dismissed . . . .[5]

---

[3] M.R.C.P. 4(d).

[4] *Johnson*, 95 So. 2d at 154 (quoting *Saxony Mills v. Wagner & Co.*, 94 Miss. 233, 239, 47 So. 899, 901 (1908)).

[5] M.R.C.P. 4(h).

¶12.    Relying on this rule, the Court of Appeals found that Lewis made a showing of good cause why proper service was not made within 120 days.  But as the Court of Appeals acknowledged, Lewis never argued good cause in the trial court.[6]  To justify overcoming the procedural bar, the Court of Appeals relied on its own precedent and asserted that in *Spurgeon v. Egger*, it had found good cause existed under Rule 4(h) to prevent dismissal of a plaintiff's claim, even though the plaintiff never raised that issue at trial.[7]  We are troubled by the Court of Appeals' conclusion for two reasons.

¶13.    First, we have never held that failure to raise the issue in the trial court could be overlooked on appeal.  But we also find that *Spurgeon* does not support the Court of Appeals' conclusion.  In *Spurgeon*, the defendant moved to dismiss for insufficient service of process of a medical-malpractice claim when the defendant's medical assistant accepted service of process on behalf of the defendant without authority to do and with no knowledge that she was accepting service of process.[8]  The circuit court's judgement of dismissal stated:

> [s]ervice of the Summons and Complaint in this cause were not made upon Dr. Egger within 120 days after filing of the Complaint and *Plaintiffs have not shown good cause why such service was not made within that period*.[9]

¶14.    So, in *Spurgeon*, the issue of good cause was raised and decided in the trial court. The circuit court's failure to elaborate on its ruling – which was the basis of the Court of Appeals'

---

[6] *Lewis v. Forest Family Practice Clinic, PA*, __ So. 3d __ 2013 WL 335968 (Miss. Ct. App. 2013) ("Lewis failed to raise the issue in the trial court.").

[7] *Spurgeon v. Egger*, 989 So. 2d 901 (Miss. Ct. App. 2007).

[8] *Id*. at 903.

[9] *Id*. at 906 (emphasis added)

5

decision – does not change the fact that the issue was raised and considered, and certainly cannot stand as precedent for overcoming the procedural bar.

¶15.    In the case before us today, nothing in the record suggests that Lewis raised the issue of good cause or that the circuit court considered it.  The circuit court's judgment makes no mention of good cause.

¶16.    It is well-settled that issues presented for the first time on appeal are procedurally barred from consideration.[10]  We have held that

> [o]ne of the most fundamental and long established rules of law in Mississippi is that the Mississippi Supreme Court will not review matters on appeal that were not raised at the trial court level.[11]

¶17.    Because Lewis did not raise the issue of good cause before the trial court, she may not raise it on appeal.  Accordingly, we find the circuit court did not abuse its discretion by granting Dr. Lee and Forest Family Practice's motion to dismiss.  However, when dismissing for insufficient service of process, we have held that "Rule 4(h) dismissals should be made *without*, not *with* prejudice."[12]  Thus, we reinstate and affirm the trial court's grant of dismissal but modify it to be without prejudice.

---

[10] *Estate of Myers v. Myers*, 498 So. 2d 376, 378 (Miss. 1986) (citing *Adams v. City of Clarksdale*, 95 Miss. 88, 48 So. 242 (1909)). *See Flagstar Bank, FSB v. Danos*, 46 So. 2d 298, 311 (Miss. 2010) ("[W]e need not consider this issue, which has been raised for the first time on appeal."); *Neider v. Franklin*, 844 So. 2d 433, 436 (Miss. 2003) ("We have consistently held that a trial court will not be put in error on appeal for matters not presented to it for decision."); *Boyles v. Miss. State Oil & Gas Bd.*, 794 So. 2d 149, 153 (Miss. 2001) ( It is a well-settled proposition that this Court will not review matters on appeal that were not considered by the lower court.); *Triplett v. Mayor and Bd. of Aldermen of Vicksburg*, 758 So. 2d 399, 401 (Miss. 2000) ("This Court has long held that it will not consider matters raised for the first time on appeal.").

[11] *Estate of Myers*, 498 So. 2d at 378.

[12] *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1187 (Miss. 2002).

**CONCLUSION**

¶18.    While the Court of Appeals correctly found that service of process upon Dr. Lee and Forest Family Practice was insufficient, it erred by considering Lewis's good-cause argument for the first time on appeal. Because we find it improper for an appellate court to consider matters not raised during trial proceedings, we reverse the opinion of the Court of Appeals and reinstate and affirm the judgment of the trial court but modify it to be without prejudice.

¶19.    **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED; THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED AS MODIFIED**.

**WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.  KING AND COLEMAN, JJ., NOT PARTICIPATING.**