# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00620-COA

VERA MAE MILLER WOOD, RUBY MILLER
BARNES, ELOISE MILLER WORTHINGTON,
NANNIE MILLER MOTEN, MARY ANN
MILLER, EARL MILLER, CLEOTHA MILLER,
MAGNOLIA MILLER, ALBERTA MILLER
FOUNTAIN, MAGGIE MILLER AND
ANDERSON MILLER, JR.

APPELLANTS

v.

EMMA MILLER, CARL LEON MILLER,
SYLVIA KAY MILLER, AUDREY H. KEMP
AND DONNA MICHELLE SMITH

APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 03/01/2013 |
| TRIAL JUDGE: | HON. CYNTHIA L. BREWER |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | DANIEL ELLIS MORRIS |
| ATTORNEYS FOR APPELLEES: | JAMES MORTIMER CREWS III |
| | RICHARD J. ROHMAN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | DETERMINATION OF HEIRSHIP AND PARTITION IN KIND OF 261 ACRES OF REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 06/02/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ROBERTS AND FAIR, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.     This appeal concerns the Yazoo County Chancery Court's partition of 261 acres of

agricultural property among sixteen people.  For the first time on appeal, Appellants[1] claim that they obtained portions of the property through adverse possession, and that the will that devised some of the property to two of the Appellees was invalid.  Because those issues are procedurally barred, we affirm the chancellor's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2.    When Anderson Miller died in 1929, he left his 261-acre property to his two sons, Thornton and Thomas Miller.  As tenants in common, Thornton and Thomas each owned an undivided one-half interest in the property.  Thornton died intestate in 1982.  His widow, Magnolia Miller, was his only heir-at-law.  After the administration of Thornton's estate, Magnolia became the owner of his one-half undivided interest in the property.  Magnolia died in 1986.  Through her will, Magnolia left her entire estate in equal shares to Audrey Kemp and Donna Smith.

¶3.    Anderson's other son, Thomas, died intestate in 1984.  Thomas's estate was never administered.  His sons Albert, Anderson, Sylvester, and Willie inherited his undivided one-half interest in the property.  However, because Willie died with no heirs, his interest in the property went to the heirs of his brothers.  As a result, Albert, Anderson, and Sylvester each had an undivided one-sixth interest in the property. Their interests in the property descended through them on to their heirs.

¶4.    After Albert died, his nine children inherited his interest in the property.  Anderson's

---

[1]  We typically refrain from using general designations such as "Appellants."  We make an exception in this case based on the difficulty involved in collectively referring to the eleven appellants by name.

interest went to his widow and son. Collectively, Albert's heirs and Anderson's heirs are the eleven appellants. Sylvester's interest went to his widow and his two children. Sylvester's heirs are three of the five appellees. Appellants have not asserted any claims against them.

¶5.  In 2004, Kemp and Smith filed a complaint to confirm and quiet title to the property, determine heirship, and partition the property. They amended their complaint in 2007. In early 2009, Judge Janace Harvey-Goree[2] conducted a hearing on Kemp and Smith's amended complaint. On April 16, 2009, the chancellor entered a judgment confirming and quieting title to the property. The chancellor also ordered that the property be partited. Approximately one year later, the commissioners filed their report detailing the method by which the property would be partited into three shares.

¶6.  In October 2010, Appellants filed a separate petition in the same cause and sought to obtain title to all of the property by adverse possession. Appellants' petition was not filed as a counterclaim. Appellants never scheduled a hearing on their petition, and they never presented any evidence to support their claim.

¶7.  In May 2012, the chancellor entered a judgment confirming the commissioners' report. The chancellor awarded one share to Appellants, one share to Sylvester's heirs, and one share to Kemp and Smith. In August 2012, Kemp, Smith, and Sylvester's heirs filed a motion to recover the agricultural rent that was forfeited as a result of Appellants' refusal to allow anyone to lease the property for farming purposes. In March 2013, Judge Brewer held that Appellants owed Kemp and Smith $70,000 in unpaid rental fees. She also held that

---

[2] Judge Harvey-Goree was the original chancellor in the case. In August 2012, Judge Harvey-Goree recused and transferred the case to Judge Cynthia Brewer.

Appellants owed Sylvester's heirs approximately $23,000 in unpaid rental fees.

¶8.     On appeal, Appellants claim that Judge Harvey-Goree erred when she found that Kemp and Smith had inherited Thornton's interest in the property through his widow, Magnolia.  Additionally, Appellants claim that they had adversely possessed all of the property. Appellants raise no arguments regarding the determination of heirship, the partition of the property, or the order instructing them to pay waste.

## STANDARD OF REVIEW

¶9.     We will not disturb a chancellor's findings of fact "unless the chancellor applied the wrong legal standard, or the findings are manifestly wrong or clearly erroneous." *In re Jones*, 138 So. 3d 205, 208 (¶7) (Miss. Ct. App. 2014).  We review questions of law de novo. *Id*.

## ANALYSIS

### I.    INHERITANCE

¶10.    Appellants argue that the chancellor erred when she found that Kemp and Smith had inherited Thornton's undivided one-half interest in the property through his widow, Magnolia.  Through her will, Magnolia left her entire estate to Kemp and Smith in equal shares.  Magnolia's will was accepted for probate in 1986.  According to Appellants, Magnolia's will was not properly authenticated; all of the interested parties were not notified that her will was going to be probated; and her will did not expressly devise the property at issue.

¶11.    Appellants did not raise this argument before the chancellor.  "It is well[]settled that

4

issues presented for the first time on appeal are procedurally barred from consideration."

*Lewis v. Forest Family Practice Clinic P.A.*, 124 So. 3d 654, 658 (¶16) (Miss. 2013).

Furthermore, Mississippi Code Annotated section 91-7-23 (Rev. 2013) provides:

> Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not. If some person does not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities. In case of concealed fraud, the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Magnolia's will was probated in 1986. Appellants have never raised any claim related to concealed fraud. Because this issue is procedurally barred and untimely, we will not review it on appeal.

## II. ADVERSE POSSESSION

¶12. Next, Appellants claim that the chancellor should have found that they had adversely possessed Kemp and Smith's interests in the property. Appellants filed a petition for adverse possession, but they never scheduled a hearing on the matter. On October 29, 2012, the parties convened for a hearing on Kemp and Smith's motion to pay waste. During preliminary discussions regarding any matters pending before the chancellor, Appellants' attorney conceded that he had not scheduled a hearing on the adverse-possession claim. He indicated that he would schedule a hearing at a later date. He never did. Consequently, the chancellor never had an opportunity to rule on this issue. It follows that this issue is also procedurally barred. *See Lewis*, 124 So. 3d at 658 (¶16).

5

¶13.    **THE JUDGMENT OF THE YAZOO COUNTY CHANCERY COURT IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.  JAMES, J., NOT PARTICIPATING.**