IRVING, P.J.,
for the Court:
111. Kenneth McKenzie and Shina McKenzie (“McKenzies”) appeal the Jones County Chancery Court’s decision to grant Mississippi' Municipal Service Company’s motion for summary judgment. On appeal, the McKenzies raise three issues: (1) the chancery court erred in setting aside the clerk’s entry of default; (2) the chancery court erred in granting summary judgment because a genuine issue of material fact existed; and (3) the chancery court erred in calculating the statute of limitations.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On April 22, 2010, the McKenzies were involved in a vehicle collision with a police officer employed by the City of Laurel, Mississippi. On April 29, 2010, the McKenzies initiated negotiations with the City of Laurel by sending a notice of claim. The Mississippi Municipal Service Company (“MMSC”) responded on May 28, 2010, with a limited offer denying liability and offering to settle the claim with respect to property damage only.[1] The McKenzies declined the offer on June 9,2010. MMSC then responded with an increased offer to settle the claim for property damages on July 7, 2010, and again May 3, 2011, with clarifications , denying liability. The McKenzies accepted the offer on August -2, 2011, only to cover property damages.
¶ 4. On September 12, 2011, MMSC sent an additional offer to the McKenzies to settle any medical claims. The McKen-zies responded with a counter-offer on December 15, 2011; however, it was not accepted. On January 5, 2012, MMSC sent a final offer to settle any outstanding claims, but the McKenzies rejected it. The McKenzies filed their complaint on March 2, 2012. The complaint was later amended as the McKenzies voluntarily withdrew every cause of action except their specific-performance claim. On June 26, 2012, the chancery court set aside the default judgment that had been entered by the clerk. The chancery court granted MMSC’s motion for summary judgment on July 17,2014, resulting in this appeal.
DISCUSSION
¶ 5. The standard of reviéw for this case is succinctly addressed in Van v. Grand Casinos of Mississippi Inc., 767 *678 So.2d 1014, 1017-18 (¶ 7) (Miss.2000), as follows:
This Court, employs a de novo standard of review of the trial court’s grant of a summary judgment motion. ..The. evidence is viewed in the light most favorable to the non-moving party, who is to receive the benefit of every reasonable doubt; Once the absence of genuine issues of material fact has been shown .by the movant,’ the burden of rebuttal falls'upon the non-moving party. The non-moving party must produce, specific facts showing that there is a genuine material issue for trial. The non-moving party’s claim must be supported by more than a mere scintilla of colorable evidence; ' it must be evidence upon which a fair-minded jury could return a favorable verdict.
(Internal citations and quotations omitted).

I. The Clerk’s Entry of Default

¶ 6. The McKenzies argue that the chancery court erred when it set aside the clerk’s entry of default due to an alleged discrepancy with service of process.,. They .served their complaint on MMSC on March 30, 2012, by way of personal process. The summons and complaint were served on the vice president of MMSC, Marion Alferd. The McKenzies contend that Alferd was in ah authoritative position, which made it proper to serve him with process. They assert that as vice president Alferd had the authority to act as an agent for the company and accept service of process. They contend that the chancery court erred by using improper service of process as a basis for setting aside the entry of default.
¶7.. MMSC argues that the-chancery court was not in error and properly set aside the clerk’s entry of default. MMSC first alleges that the McKenzies did not serve the correct party as .Gil Israel is its agent for personal service of process, and not serving him made their service improper. They further allege that although Alferd was an employee of'the. company, he was not authorized to accept service of process on behalf of the company. ’
 ¶8. We find that the chancery court was not in error, because the decision of whether or not to set aside an entry of default falls within the court’s discretionary purview. “[Tjhe decision to grant or set aside a default judgment is addressed to the sound discretion of the trial court.” Tatum v. Barrentine, 797 So.2d 223, 227 (¶ 15) (Miss.2001) (citing Williams v. Kilgore, 618 So.2d 51, 55 (Miss.1992)). Further, “[ajbsent abuse of discretion, we will not disturb the rulings of the trial court on a default judgment.” Id. There was no abuse of discretion with respect to the court’s decision. Similar to the case at hand, the appellant in Windmon did not distinguish between the standard associated with an entry of default and a default judgment. See Windmon v. Marshall, 926 So.2d 867, 871 (¶¶ 13-14) (Miss.2006). MMSC is correct in its assertion that “there is a more liberal standard for setting aside a default than the standard for setting aside a default judgment.” Id. at (¶ 14). The judiciary favors a decision on the merits, and “when there appears a desire on the part of a defaulting litigant tó defend, the entry of a default judgment is-not the preferred way. of disposing of litigation.” City of Jackson v. Presley, 942 So.2d 777, 795 (¶31) (Miss.2006)-. MMSC alleges that the invalid service of process was the reason for their delay in responding to the McKenzies’ complaint. Thereafter, MMSC did make an appearance before the default judgment was entered and demonstrated its desire to defend the case by filing the motion to set aside the default judgment and a motion to dismiss during its initial appearance.
*679 ¶ 9. Although the McKenzies contend that the chancellor’s decision was based solely on the invalid service of process, that is not supported by the record. Notwithstanding the invalidity of the service of-process, based on the’ transcripts, the chancellor appeared to be concerned -with adjudicating the case on the merits, which led to the proper decision to set' aside the entry of default.

II. Genuine Issue of Material Fact

¶ 10. The McKenzies argue that MMSC’s summary-judgment motion should have been denied because there was a genuine issue of material fact as to whether a contract existed between the two parties. They contend that MMSC agreed to continue good-faith negotiations after the statute of limitations had ended in exchange for the McKenzies not filing a complaint under the Mississippi Tort Claims Act. In addition, the McKenzies argue the miscalculation of the statute of limitations by the chancellor misrepresented facts that were at issue.
¶ 11. In résponse, MMSC asserts that there was mo issue of material fact regarding whether the McKenzies had accepted its offer. MMSC further asserts that it is undisputed in the record that the McKen-zies accepted an offer for property damage but never accepted any offer concerning any medical claims. MMSC -contends-there was never an acceptance .of an offer; therefore, there was no valid contract and thus no grounds to order specific performance.
¶ 12. This Court finds that there is no genuine issue of material fact to allow üs to disturb the trial court’s ruling. MMSC is correct in its assertion that an enforceable contract requires an offer, acceptance of -the offer, and consideration. Serv. Elec. Supply Co. v. Hazlehurst Lumber Co., 932 So.2d 863, 869 (¶ 17) (Miss.Ct. App.2006) (citation omitted). It is undisputed that there was an offer made by MMSC, but there was never an acceptance made by the McKenzies with respect to medical damages. In addition, “[fjor specific performance to be granted, a contract must be reasonably complete and reasonably definite on material terms.” White v. Cooke, 4 So.3d 330, 334 (¶ 14) (Miss.2009) (citation omitted). The correspondences' between the McKenzies’ attorney and MMSC do not support a finding that a complete and definite contract existed between the parties. A court of equity will not order specific performance unless the contract-is “specific and distinct in its terms, plain and definite in its meaning, ... mutually agreed [to,] ... and accepted.” Hutton v. Hutton, 239 Miss. 217, 230, 119 So.2d 369, 374 (1960). The correspondences the McKenzies proffered to prove that a contract existed are akin to settlement negotiations and not a contractual relationship. In the absence of a contractual agreement, specific performance is not an appropriate remedy. Id.

III. Statute of Limitations

¶ 13. Lastly,- the McKenzies argue that the chancery court relied on MMSC’s erroneous calculation of the statute of limitations. They state that equitable estoppel bars MMSC from raising the expiration of the - statute of limitations as a defense.
¶ 14. MMSC argues that the McKen-zies never established that the inadvertent miscalculation of the statute of limitations was used as a basis for the chancellor’s decision to grant the summary judgment. It further argues that the chancery court’s reliance on the erroneous expiration of the statute of limitations had no direct bearing on the outcome of its analysis. MMSC contends that whether or not the statute of limitations was calculated correctly is irrel *680 evant to the issue of whether there was a valid contract between the parties.
¶ 16. This argument is barred because the McKenzies never raised it during the trial court proceedings. “It is well-settled that issues presented for the first time on appeal are procedurally barred from consideration.” Lewis v. Forest Family Practice Clinic P.A., 124 So.3d 654, 668 (¶ 16) (Miss.2013). Notwithstanding the procedural bar, we find that simply because MMSC continued to negotiate, after the passage of the statute of limitations, that did not create a contract between the two parties. Nor does there appear to be any agreement to forgo litigation in exchange for anything. There is no genuine issue of material fact demonstrating that MMSC accepted liability or entered into a contract with the McKenzies. The McKenzies requested specific performance, which is a “court-ordered remedy that requires precise fulfillment of a legal or contractual obligation....” Black’s Law Dictionary 1617 (10th ed.2014). The supreme court has stated that “[e]quitable estoppel is an extraordinary remedy and should only be invoked to prevent unconscionable results. The doctrine of equitable estoppel is not applied except when to refuse it would be inequitable.” Harrison Enters. Inc. v. Trilogy Comma ’ns Inc., 818 So.2d 1088, 1095 (¶ 32) (Miss.2002). The mere facts that MMSC continued negotiating with the McKenzies after the expiration of the statute of limitations, without any inducement to forgo litigation, and that they relied on this, do not give rise to a contractual relationship or unconscionable behavior that would support ordering specific performance. Accordingly, we affirm.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF JONES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. MMSC serves as the party that negotiates and litigates on behalf of the City of Laurel.