# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00168-COA

**HERBERT SMITH**                                                    **APPELLANT**

**v.**

**CLARKSDALE MUNICIPAL SCHOOL**                          **APPELLEES**
**DISTRICT AND DR. JOE NELSON**

DATE OF JUDGMENT:              11/28/2023
TRIAL JUDGE:                        HON. WILLIAM HUNTER NOWELL
COURT FROM WHICH APPEALED:   COAHOMA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       JASON EDWARD OWENS
ATTORNEYS FOR APPELLEES:      CARLOS DIALLO PALMER
                                     TANGALA LANIECE HOLLIS-PALMER
NATURE OF THE CASE:             CIVIL - CONTRACT
DISPOSITION:                      AFFIRMED - 02/17/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., EMFINGER AND LASSITTER ST. PÉ, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.    On December 7, 2021, Herbert Smith filed a petition against the Clarksdale Municipal School District (the school district) and its superintendent, Joe Nelson, in the Coahoma County Chancery Court. In his petition, Smith requested a writ of mandamus ordering the school district to reclassify his job position and compensate him for the additional responsibilities and services that he provided at the request of the school district for the 2019-2022 school years. Smith also requested back pay and additional contributions to his Public Employees' Retirement System (PERS) account to reflect his job reclassification and requested salary adjustment. Ultimately, Smith's petition was transferred to the Coahoma County Circuit Court. On August 25, 2022, Nelson and the school district filed a motion to

dismiss Smith's petition, and the circuit court converted their motion into one for summary judgment on September 1, 2023. On November 28, 2023, the court granted the motion for summary judgment. Aggrieved by the circuit court's decision, Smith appeals.

**FACTS AND PROCEDURAL HISTORY**

¶2. Smith entered into three separate employment agreements with the school district to serve as the principal of Clarksdale High School (the high school) for the 2019-2020, 2020-2021, and 2021-2022 school years. Each contract listed Smith's annual salary as $79,311.00. The contract for the 2019-2020 school year stated in part that "the employee will be employed for 230 days during said scholastic year. And that the employee shall be available to perform assigned duties beginning on Monday, July 1, 2019, and ending on Tuesday, June 30, 2020, or otherwise, as may be amended by the employer due to an emergency or other good cause in accordance with the policies of the employer." The contract further stated that "the employee agrees to reassignment during the school term to any area for which a valid license is held." The only differences in the two subsequent contracts were the dates specific to that particular school year. Otherwise, the three contracts were identical.

¶3. In October 2019, the superintendent appointed Smith as the director of the Carl Keen Career and Technical Center (technical center). Smith was required to fulfill the duties associated with being the director of the technical center in addition to the duties required of the principal of the high school. Then, prior to the start of the 2020-2021 school year, Smith was appointed as the principal of J.W. Stampley 9th Grade Academy (the academy). During the 2021-2022 school year, Smith served as the principal of the high school, director of the

2

technical center, and principal of the academy. However, neither of the two additional positions was specifically mentioned in Smith's employment contracts between 2019 and 2022. He received no additional compensation.

¶4. After taking on additional job responsibilities between 2019 and 2022, Smith approached both Nelson and the school district about being compensated for them. At a regularly scheduled school board meeting on March 25, 2021, Smith was directed to compile a list of concerns that he wanted to address. On March 31, 2021, Smith met with Nelson to address his grievances and formally addressed each one in a letter to Nelson dated April 9, 2021. Smith's letter stated in part:

> I am currently serving as the Principal of J.W. Stampley 9th Grade Academy, Carl Keen Career & Technical Center, and Clarksdale High School. Last year, around October, Mrs. Fair's job description was re-written to make me her immediate supervisor. In July 2020, Ms. Shaw was named the Assistant Principal at J.W. Stampley 9th Grade Academy and you asked me to serve as the Principal of JWS and CHS.
>
> Many times, you and I have discussed my salary; more specifically, a pay increase for the increased responsibilities. In our last conversation regarding a pay increase, you told me you had the discussion with the Board and you had to follow-up with them. I am requesting a pay increase for serving as the head administrator at these three locations. I am also requesting the salary increase to be retroactive to include monies owed to me from the initial date of the added responsibilities.

Nelson responded to Smith's letter by a letter dated April 14, 2021. Nelson's letter stated in part:

> Your position as high school principal was assigned prior to my appointment as superintendent. I did assign you to oversee CTE as well as principal for grades 9-12. As you know, the District conducted a feasibility study. As we await the results, salaries will be addressed accordingly at the conclusion of the study. Notations of the request for adjustments to your salary have been made,

3

however, this is a matter that the Board would have to address.

On August 13, 2021, the attorney for the school board sent a letter to Smith's attorney that stated in part:

> As you are aware, on Thursday, August 12, 2021, the Board of Trustees of the Clarksdale Municipal School District heard oral presentations made by yourself, your client Herbert Smith, CMSD Superintendent Joe Nelson, and yours truly. The Board also reviewed documents submitted by the parties regarding the above-referenced matter. As you are further aware, the CMSD Board deliberated regarding said matter but came to no decision.

¶5.    Receiving no further response from the school board regarding his grievances, Smith filed a petition in the Coahoma County Chancery Court on December 7, 2021, seeking equitable relief in the form of compensation related to the additional duties required by his employment. On June 3, 2022, an agreed order was entered transferring Smith's case to the Circuit Court of Coahoma County because the subject matter and claims contained in the petition were within the exclusive jurisdiction of the circuit court. On August 25, 2022, Nelson and the school district filed a joint motion to dismiss Smith's complaint, claiming that the contracts Smith signed were unambiguous and valid, and each party received the benefit of their bargained-for exchange. On September 1, 2023, the circuit court entered an order converting the defendants' joint motion to dismiss into a motion for summary judgment. The trial court reasoned that the only way that it could consider evidence outside of the pleadings was to convert the joint motion into a motion for summary judgment. *See* M.R.C.P.12(b). The order to convert the motion stated in part:

> Having considered Defendants' motion, Plaintiff's response, and relevant Mississippi case law, the Court on its own motion hereby finds that the Defendants Clarksdale Municipal School District and Dr. Joe Nelson's Motion

4

to dismiss [Doc. #:13] filed on August 25, 2022, should be converted into a Motion for Summary Judgment effective Monday, September 11, 2023.

The order further stated "that the parties shall submit all affidavits and documents in support of their position as to this MOTION FOR SUMMARY JUDGMENT no later than Monday, October 16, 2023." None of the parties filed any summary judgment response, affidavits, or additional documents on or before the October 16, 2023 deadline. Nearly a month following the deadline to submit documents for the court's review, on November 3, 2023, Judge Nowell's judicial law clerk sent all the parties an email stating in part:

> On September 1, 2023, the Court entered an order converting the Defendants' MOTION TO DISMISS into a MOTION FOR SUMMARY JUDGMENT, effective **Monday, September 11, 2023**. The Court further ordered that the parties submit all affidavits and documents in support of their positions as to the MOTION FOR SUMMARY JUDGMENT no later than **Monday, October 16, 2023**. *See* attachment. As of November 3, 2023, except for the Court's order entered on September 1, 2023, there has been no activity in this case.

¶6.     On November 28, 2023, the circuit court entered an order granting the motion for summary judgment. The circuit court's order stated in part:

> This Court was presented with a Rule 12(b)(6) MOTION TO DISMISS [Doc.#:13] on August 25, 2022. The Court exercised its only means of considering evidence outside the pleadings and converted the motion into a MOTION FOR SUMMARY JUDGMENT. By entry of said ORDER [Doc. #: 16], this Court hereby gave all parties TEN (10) DAYS-notice of its intent to convert Defendants CLARKSDALE MUNICIPAL SCHOOL DISTRICT AND DR. JOE NELSON'S MOTION TO DISMISS [Doc. #:13] into a Motion for Summary Judgment effective ***Monday, September 11, 2023***. The Court further ordered the parties to submit all affidavits and documents in support of their position as to this MOTION FOR SUMMARY JUDGMENT no later than ***Monday, October 16, 2023***.

## CONCLUSION:

With no response even after this Court's email on November 3, 2023, the Court finds that summary judgment in favor of the Defendants is mandated because the respondent/Plaintiff has failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Smith filed a motion for reconsideration on December 8, 2023. An order denying Smith's motion was entered on January 2, 2024. Smith filed his notice of appeal on February 1, 2024.

## STANDARD OF REVIEW

¶7. In *White v. Targa Downstream LLC*, 358 So. 3d 627, 632 (¶11) (Miss. 2023), the supreme court stated:

"This Court employs a de novo standard of review when considering a trial court's grant or denial of summary judgment." *State ex rel. Watson v. Long Beach Harbor Resort, LLC*, 346 So. 3d 406, 409-10 (Miss. 2022) (internal quotation marks omitted) (quoting *Hobson v. Chase Home Fin., LLC*, 179 So. 3d 1026, 1033 (Miss. 2015)). Summary judgment will be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miss. R. Civ. P. 56(c). "While evidence is viewed in the light most favorable to the nonmoving party, there must be a material fact issue to preclude summary judgment." *Peak v. Cohee*, 294 So. 3d 604, 607 (Miss. 2020) (citing *Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004)).

## ANALYSIS

¶8. Smith claims that the circuit court erred in converting the joint motion to dismiss filed by Nelson and the school district into a motion for summary judgment and then by granting the motion.

**I. Did the circuit court err in converting the school district and Nelson's motion to dismiss into a motion for summary judgment?**

6

¶9. First, Smith contends that the circuit court erred in converting the motion to dismiss into a motion for summary judgment. Specifically, Smith argues that he was not given adequate opportunity "to complete discovery and fully respond to the defendants' arguments." Smith did not, however, seek additional time to conduct discovery or obtain affidavits or depositions to oppose the motion pursuant to Mississippi Rules of Civil Procedure Rule 56(f). In *Designer Custom Homes LLC v. U.S. Coating Specialties & Supplies LLC*, 397 So. 3d 523, 527 n.3 (Miss. Ct. App. 2024), this Court noted:

> [A] party opposing summary judgment based on an alleged need for discovery "must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Rainer v. River Oaks Hosp. LLC*, 282 So. 3d 751, 757 (¶20) (Miss. Ct. App. 2019) (quoting *Scales v. Lackey Mem'l Hosp.*, 988 So. 2d 426, 434 (¶19) (Miss. Ct. App. 2008)). USCSS failed to raise this issue in the county court and has never made such a showing.

Smith failed to make any such request or showing before the circuit court.

¶10. Smith next argues that the circuit court refused to act on his motion for a scheduling order, and therefore Smith could not advance his case through the discovery process. The record shows that Smith never noticed his "Motion for Scheduling Order and Trial Setting" for a hearing. This Court ruled in *Anderson v. McRae's Inc.* 931, So. 2d 674, 678 (¶10) (Miss. Ct. App. 2006):

> "Our rule is that a party making a motion must 'follow up that action by bringing it to the attention of the judge and by requesting a hearing upon it.' It 'is the responsibility of the movant to obtain a ruling from the court on motions filed by him, and failure to do so constitutes a waiver of same.'" *Billiot v. State*, 454 So. 2d 445, 456 (Miss.1984) (citing *Sharplin v. State*, 357 So. 2d 940, 942 (Miss. 1978)).

7

We find that Smith has waived any argument concerning the trial court's failure to rule on this motion.

¶11.     Also, Smith's argument regarding the lack of a scheduling order and opportunity for discovery was raised for the first time on appeal.  In *Lewis v. Forest Family Practice Clinic P.A.*, 124 So. 3d 654 (Miss. 2013), the supreme court stated: "It is well-settled that issues presented for the first time on appeal are procedurally barred from consideration.  We have held that '[o]ne of the most fundamental and long established rules of law in Mississippi is that the Mississippi Supreme Court will not review matters on appeal that were not raised at the trial court level.'" *Id*. at 658 (¶16) (quoting *Est. of Myers v. Myers*, 498 So. 2d 376, 378 (Miss. 1986)).

¶12.     Notwithstanding the procedural bars on Smith's arguments on appeal, the circuit court did not err in converting the motion to dismiss into a motion for summary judgment. Rule 12(b) of the Mississippi Rules of Civil Procedure states in part:

> **If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56**, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56; however, if on such a motion matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall be granted in accordance with Rule 15(a).

(Emphasis added).  In *Sullivan v. Tullos*, 19 So. 3d 1271, 1275 (¶15) (Miss. 2009), the supreme court quoted *Palmer v. Biloxi Regional Medical Center Inc.*, 649 So. 2d 179, 183 (Miss. 1994), stating:

> Rule 56(c) states, in part, that a "motion [for summary judgment] shall be

8

served at least ten days before the time fixed for the hearing." Therefore, the trial court must give the parties ten days['] notice that it is converting the moving party's motion to dismiss on the pleadings into a motion for summary judgment. Once the notice required by Rules 12(b) and 56 has been given, the trial court may then properly consider it as a converted motion for summary judgment along with any materials in support of or in opposition to the motion as of a certain day.

(Citation omitted). Further, in *Delta MK LLC v. Mississippi Transportation Commission*, 57 So. 3d 1284, 1289 (¶13) (Miss. 2011), the supreme court held:

Whenever a trial judge converts a Rule 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside the pleadings, the judge must give all parties ten days' notice that he is converting the motion. [*Palmer v. Biloxi Regional Medical Center Inc.*, 649 So. 2d at 183] (citation omitted). "*Regardless of how baseless* [*a plaintiff's*] *claim* [*appears*] *to the trial court*, our rules require that she be given 10 days' notice once a motion to dismiss is converted into a motion for summary judgment." *Jones v. Regency Toyota, Inc.*, 798 So. 2d 474, 476 (Miss. 2001) (emphasis added).

¶13. Three documents were attached to the motion to dismiss. Those documents included Smith's employment contracts with the school district for the years 2019-2020, 2020-2021, and 2021-2022. Smith filed a response to the motion to dismiss and included a letter from the school board's attorney. Because the court considered these attachments and did not exclude them, the court was required to convert the motion to dismiss into one for summary judgment pursuant to Rule 12(b) of the Mississippi Rules of Civil Procedure. In its order dated September 1, 2023, the court stated in part:

By entry of said ORDER, this Court hereby gives all parties TEN (10) DAYS' notice of its intent to convert Defendants CLARKSDALE MUNICIPAL SCHOOL DISTRICT AND DR. JOE NELSON'S MOTION TO DISMISS [Doc. #:13] into a Motion for Summary Judgment effective ***Monday, September 11, 2023***.

The circuit court further ordered the parties to submit all affidavits and documents in support

9

of their position as to the motion for summary judgment no later than Monday, October 16, 2023. The circuit court properly followed the mandate set forth by Rule 12(b) by giving all parties ten days' notice of its intent to convert the motion to dismiss into a motion for summary judgment and by allowing the parties a reasonable opportunity to respond to the conversion. Smith's argument is without merit.

**II.     Did the circuit court err in granting the motion for summary judgment?**

¶14.    Smith raises four arguments to show that the circuit court erred in granting the motion for summary judgment. We will address each of these issues below.

> *A.     Were the sworn allegations of the complaint sufficient to defeat summary judgment?*

¶15.    Smith contends that his sworn complaint contained specific allegations supported by record evidence that was sufficient to prevent summary judgment. Mississippi Rule of Civil Procedure 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party **may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits** or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. **If he does not so respond, summary judgment, if appropriate, shall be entered against him**.

(Emphasis added). In addition, all material submitted in opposition to summary judgment must be sworn. *Magee v. Transcontinental Gas Pipe Corp.*, 551 So. 2d 182, 186 (Miss. 1989). More specifically, "the content of summary-judgment evidence must be admissible at trial although the evidence may be in a form, such as an affidavit, that would not be admissible." *Ill. Cent. R. Co. v. Jackson*, 179 So. 3d 1037, 1043 (¶¶12,14) (Miss. 2015)

10

(citing Jeffrey Jackson et al., *Mississippi Civil Procedure* § 11:22 (2009)).

¶16.   As noted above, Nelson and the school district filed a motion to dismiss with copies of Smith's three employment contracts attached. The movants argued that the contracts were valid and unambiguous. Therefore, based upon the language of these contracts, the movants argued Smith was not entitled to any relief.  Because of the contracts attached to the motion and the letter attached to Smith's response, the trial court converted the motion to dismiss into a motion for summary judgment.

¶17.   As required by Rule 12(b), Smith was given an opportunity to respond to the conversion. Further, according to Rule 56(e), Smith was given the opportunity to oppose summary judgment "by affidavits or as otherwise provided in this rule" in order to show that a genuine issue of material fact precluded the grant of summary judgment. After Smith failed to respond, the court granted summary judgment. Subsequently, Smith filed a motion for reconsideration with additional documents and an affidavit. However, this was too little too late, and the motion for reconsideration was denied. In *Rainer v. River Oaks Hospital LLC*, 282 So. 3d 751, 759 (¶31) (Miss. Ct. App. 2019), this Court found no proof that evidence produced with a motion for reconsideration was unavailable at the time the summary judgment motion was under consideration. Accordingly, the motion for reconsideration was properly denied. The same is true in this case, and the documents referred to in Smith's brief are not properly before this court on appeal.

¶18.   Without these late documents, there is no record evidence that supports the allegations of Smith's complaint. Smith's complaint states that he was tasked with overseeing three

11

schools and should have been paid more for these expanded responsibilities. Smith contends that the sworn statement within the complaint was sufficient to avoid summary judgment. However, the complaint does not describe the additional duties, address the additional time these duties required, or give any details concerning these additional assignments. Smith also maintains in his appellate brief that the allegations of his complaint were supported by the letter from the attorney for the school board. The letter attached to Smith's response to the original motion to dismiss, however, was not a sworn statement. Several times Smith refers to "related evidence," "accompanying evidence," and "supporting evidence"; however, he does not identify any such evidence, and we find none in the record.

¶19.    In any event, in *Stuckey v. The Provident Bank*, 912 So. 2d 859, 864 (¶7) (Miss. 2005), the Stuckeys made a similar argument regarding the treatment of a formal pleading as evidence.  The Stuckeys argued that their "sworn complaint 'filed and of record' constituted evidence on material issues so as to create triable issues which thus defeated the motion for summary judgment." *Id*.   The Stuckeys argued that "the chancery court erroneously overlooked the statements and factual inferences contained within the four corners of their thirty-three-page complaint and misapplied the law by granting summary judgment." *Id*. at (¶9).  Like Smith in the case at hand, the Stuckeys failed to provide any additional proof to support the existence of a triable issue of fact.  In *Stuckey*, the supreme court stated that "[t]he party opposing the motion is required to bring forward *significant probative evidence demonstrating the existence of the triable issue of fact*." *Id*. at 865 (¶10).  Further, the supreme court reasoned that "the Stuckeys have included a litany of allegations in their sworn

complaint **which, if supported**, would produce genuine issues of material fact for trial. However, the Stuckeys have mistakenly relied solely on their sworn complaint in an effort to avoid summary judgment." *Id*. at (¶13) (emphasis added). Ultimately, the supreme court held that the Stuckeys "were required to do more than rest on the mere allegations of their pleadings, sworn or unsworn, and when the Stuckeys chose to do nothing more in response to the bank's motion for summary judgment, they rolled the dice and lost." *Id*. at 868 (¶19).

¶20. As in *Stuckey*, while the allegations contained in Smith's sworn petition, if supported, might have produced genuine issues of material fact for trial, Smith's choosing to rely on the sworn pleadings alone was not enough in this case to survive summary judgment.

> B. *Did the circuit court err in finding that the employment contracts between Smith and the school district were unambiguous?*

¶21. Smith also contends that the circuit court erred in finding that his employment contracts with the school district were unambiguous and enforcing the contracts without considering the disputed facts raised in his petition. In determining whether a contract is ambiguous, "the Court must review the express wording of the contract as a whole." *Epperson v. SOUTHBank*, 93 So. 3d 10, 16 (¶17) (Miss. 2012). "If the contract is unambiguous, 'the intention of the contracting parties should be gleaned solely from the wording of the contract' and parole evidence should not be considered." *Id*. "The mere fact that the parties disagree about the meaning of a provision of a contract does not make the contract ambiguous as a matter of law." *Id*. at 17 (¶18). "Courts should not alter the terms of a valid contract." *Id*.

13

¶22. Smith and the superintendent of the school district, Nelson, each signed the three employment contracts. The first contract was for the 2019-2020 school year, the second contract was for the 2020-2021 school year, and the third contract was for the 2021-2022 school year. Each of these three contracts stated the time period to be covered by the contract and that Smith would hold the position of "Principal/Secondary." The contracts each provided that his annual salary would be $79,311.00. All three contracts required him to perform assigned duties and contained a provision for possible reassignment during the school term "to any area for which a valid license is held."

¶23. The circuit court reviewed the three employment contracts in considering the motion for summary judgment and found that the contracts were valid and unambiguous. The court further found that each party had "received the benefit of their bargained-for exchange." Given the terms within each of the contracts and Smith's failure to provide any response after the court converted the motion to dismiss into a motion for summary judgment, we find no error in the circuit court's determination that the contracts were valid and unambiguous.

        *C.*      *Did the circuit court err by granting summary judgment as to*
                  *Smith's claim for equitable relief based upon quantum meruit?*

¶24. Smith further alleges that he has a claim for compensation under the theory of quantum meruit. Where the parties have a written contractual relationship, a quantum meruit claim is available only if there was "additional work not contemplated by" the contract. *See Waste Mgmt. of Miss. Inc. v. Jackson Ramelli Waste LLC*, 301 So. 3d 635, 642 (¶33) (Miss. 2020). As discussed above, each contract required that Smith perform the assigned duties and provided that Smith could be reassigned during each school term "to any area for which a

14

valid license is held." Smith failed to present any summary judgment proof that the assignments he refers to in his complaint were not contemplated by the contract. The court found that under the terms of the contracts, each party received what he bargained for. We find the court did not err by entering summary judgment on this claim.

> **D.** *Did the circuit court err by failing to consider Smith's claims pursuant to Mississippi Code Annotated section 37-9-33?*

¶25. Finally, Smith argues that by granting summary judgment, the circuit court failed to consider his claims under Mississippi Code Annotated section 37-9-33 (Rev. 2022). This statute governs the salaries of appointed superintendents, principals, and other licensed employees. Mississippi Code Annotated section 37-9-33(1) states in part:

> In employing and contracting with appointed superintendents, principals and licensed employees, the school board shall in all cases determine whether the amount of salary to be paid such superintendent, principals and licensed employees is in compliance with the provisions of this chapter and Section 37-19-7. No contract shall be entered into where the salary of a superintendent, principal or licensed employee is to be paid, in whole or in part, from the total funding formula funds provided in Sections 37-151-200 through 37-151-215 except where the statutory requirements as to the amount of such salary are fully met. . . .

As already discussed, Smith entered into three contracts with the school district. The circuit court found, and we agree, that those contracts were unambiguous and set out the terms of Smith's employment as a "Principal/Secondary." While Smith asserts that he performed duties above and beyond that job description, he provided no summary judgment proof of the duties of "Principal/Secondary." He provided no evidence of what any additional assignments required of him that were not within the terms of his contracts. Because we find that Smith's existing employment contracts are valid and unambiguous, we find no merit in

15

this argument.

## CONCLUSION

¶26. After review of the record, we find no error by the circuit court converting the school district and Nelson's joint motion to dismiss into a motion for summary judgment. Further, we find no error by the circuit court in granting the motion for summary judgment in favor of the school district and Nelson.

¶27. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. McDONALD, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**